UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN H. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00096-JAR |
| | ) | |
| JASON LEWIS, et al.,, | ) | |
| | ) | |
| Defendants, | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the motion of plaintiff John H. Coleman for leave to proceed in forma pauperis. (Docket No. 2). While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1996 (PLRA) enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) applies to civil actions and denies inmates in forma pauperis status after the filing of three meritless lawsuits. *Higgins v. Carpenter*, 258 F.3d 797,

800 (8th Cir. 2001). However, an indigent inmate who has acquired three strikes may file a lawsuit if he or she is under imminent danger of serious physical injury. *Id*. The "imminent danger" exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In order for this exception to apply, though, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. When an inmate is granted leave to proceed in forma pauperis under the imminent danger exception, the in forma pauperis "action must be limited to imminent danger claims that have been properly exhausted." *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004).

Review of this Court's files reveals that plaintiff has accumulated three strikes. First, in *Coleman v. Stubblefield*, 4:11-cv-1759-HEA (E.D. Mo. 2011), plaintiff's 42 U.S.C. § 1983 civil rights action was dismissed on November 15, 2011 for failure to state a claim. Plaintiff was incarcerated at the St. Louis City Justice Center at the time he filed the action. Second, in *Coleman v. McGee*, 4:11-cv-1811-HEA (E.D. Mo.), plaintiff's § 1983 civil rights action was dismissed on November 21, 2011 because it was legally frivolous and/or failed to state a claim. Plaintiff was incarcerated at the St. Louis City Justice Center at the time he filed the action. Finally, in *Coleman v. Bauman*, 1:18-cv-97-JAR (E.D. Mo.), plaintiff's § 1983 civil rights action was dismissed on July 25, 2018 for failure to state a claim. Plaintiff was incarcerated at the Potosi Correctional Center at the time he filed the action. Accordingly, plaintiff has acquired three strikes, because he has had three cases dismissed as frivolous, malicious, or for failure to state a claim.

Because he has three strikes, plaintiff can only proceed in forma pauperis if he is in imminent danger of serious physical injury. *See Higgins*, 258 F.3d at 800.

## The Complaint

Plaintiff is currently an inmate at the Potosi Correctional Center. At the time of the complaint, he was incarcerated at the Southeast Correctional Center in Charleston, Missouri. He brings this action against Warden Jason Lewis, Assistant Warden Omar Clark, Assistant Warden Paula Reed, Mental Health Supervisor Cindy Reese, caseworkers Unknown Young, Unknown Holsten, and James Watson, Functional Unit Manager Lorene Armstrong, and correctional officers Unknown Ragael, Unknown Tucker, and Unknown Yancy.

On August 20, 2017, plaintiff and his cellmate received "death notes" under their door that threatened their lives and safety. (Docket No. 1 at 3-4). Those notes were given to defendants Ragael and Tucker. Plaintiff states, however, that nothing was done. (Docket No. 1 at 4). On August 22, 2017, plaintiff received more "death notes," and again informed defendants. As before, plaintiff alleges that nothing was done.

On August 29, 2017, plaintiff asserts that someone came to their cell and showed them a shank. Following this incident, plaintiff attempted to get transferred. He states that he filed countless grievances that were never answered. Plaintiff also informed Warden Lewis, Assistant Wardens Clark and Reed, and Officers Ragael, Tucker, and Yancy about the death threats he had received. (Docket No. 1 at 5). He alleges that defendants knew he was in imminent danger but failed to investigate his reports or take steps to protect him. Plaintiff advised Functional Unit Manager Armstrong, as well as caseworkers Watson, Holsten, and Young about the death threats and his enemies on the unit, but he states that they did not do anything in response. (Docket No. 1 at 6). Similarly, Mental Health Supervisor Reese did not have him transferred from the

Southeastern Correctional Center to the mental health unit at Farmington Correctional Center. (Docket No. 1 at 7).

The threats against plaintiff culminated with an assault on February 22, 2018. Plaintiff states that he was in the library when he was attacked and his jaw broken in two places. (Docket No. 1 at 3). He received extensive treatment and surgery, which resulted in permanent injuries. Plaintiff seeks $300,000 in compensatory damages and $700,000 in punitive damages because defendants were deliberately indifferent to his dangerous situation. (Docket No. 1 at 9).

Plaintiff signed his complaint on April 24, 2018, and it was filed with the Court on April 27, 2018.

## Discussion

The basis of plaintiff's complaint is that defendants violated his Eighth Amendment right to be protected from other inmates. *See Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Prison officials are required to take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every injury suffered by one prisoner at the hands of another prisoner translates into constitutional liability. *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Plaintiff alleges that defendants did not take reasonable steps to protect him because they ignored his requests for transfer and kept him on a unit where he had received multiple threats to his life and safety.

As noted above, plaintiff has accumulated three strikes pursuant to § 1915(g). Thus, in order to proceed in forma pauperis on these claims, plaintiff must show that he is in imminent

4

danger of serious physical injury. *See Higgins*, 258 F.3d at 800. Allegations of past imminent danger are not sufficient for this exception. *Ashley*, 147 F.3d at 717. Instead, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Id.*

Plaintiff has not demonstrated that he is in imminent danger of serious physical injury. His complaint asserts that he began receiving threatening notes in August 2017. He states that he was in imminent danger at that time. Plaintiff further alleges that he was assaulted, and his jaw broken, on February 22, 2018. This is the incident for which he seeks damages. However, nothing in the complaint alleges that plaintiff is at a continuing risk following his assault. He does not allege that he is still receiving threats; he does not allege that he remains on the same unit at Southeast Correctional Center; and he does not allege that he is in danger of being attacked again. In particular, there is no indication that plaintiff is still being housed in proximity to those inmates who threatened and attacked him.[1] To the contrary, plaintiff's allegations concern past harms. While he has alleged past imminent danger, that is not adequate for purposes of § 1915(g). *See Ashley*, 147 F.3d at 717 ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan"). As a result, the Court will deny plaintiff's motion to proceed in forma pauperis and dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

---

[1] The Court notes that plaintiff has transferred from Southeast Correctional Center to Potosi Correctional Center.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice to plaintiff refiling the complaint upon payment of the $400 filing fee.

A separate order of dismissal will be entered herewith. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 1st day of November, 2018.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE